2025 IL App (2d) 250234-U
No. 2-25-0243
Order filed August 25, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 25-CF-1203 |
| RONI H. CHOC QUIB, | ) ) ) | Honorable Juila A. Yetter, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant forfeited his arguments on appeal from the trial court's order denying him pretrial release where his motion for relief contained only vague assertions of error unsupported by argument or authorities. Forfeiture aside, there was sufficient evidence to support the trial court's denial of pretrial release where defendant's criminal history included, *inter alia*, recent convictions arising from incidents of domestic violence against the same victim. Affirmed.

¶ 2    Defendant, Roni H. Choc Quib, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2024)). As defendant did not file a memorandum, his motion for relief from pretrial detention serves as his argument on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). For the following reasons, we

affirm.

¶ 3                             I. BACKGROUND

¶ 4      On May 26, 2025, defendant was charged via complaint with three counts of domestic battery (making physical contact with prior conviction) (720 ILCS 5/12-3.2(a)(2) (West 2024)), two counts of domestic battery (causing bodily harm with prior conviction) (*id.* § 12-3.2(a)(1)), and obstructing a police officer (*id.* § 31-1(a)(2)). The charges arise out of an incident where defendant allegedly grabbed the arm of the victim (whom defendant had been dating for three years), causing redness and swelling, struck the right side of her face causing redness, swelling, and her nose to bleed, and then struck the left side of her head.

¶ 5      Defendant was arrested and the State filed a verified petition to deny pretrial release on May 27, 2025, and the trial court granted the State's petition to deny defendant pretrial release that same day. On June 6, 2025, defendant filed a motion for relief, which was denied on June 11, 2025. Defendant timely appealed.

¶ 6                             II. ANALYSIS

¶ 7      This appeal involves only the review of documentary evidence and proffer, with no live testimony. We therefore review the denial of defendant's pretrial release *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 22.

¶ 8      All defendants shall be presumed eligible for pretrial release, and the State shall bear the burden of proving otherwise by clear and convincing evidence. 725 ILCS 5/110-6.1(e) (West 2024). To deny a defendant's pretrial release, the State must show (1) that the proof is evident or the presumption great that the defendant has committed an eligible offense, and (2) the defendant poses a real and present threat to the safety of any person or persons or the community, which (3) no condition or combination of conditions can mitigate. *Id.* The trial court's finding that no

combination of conditions can mitigate the threat posed by a defendant must be based on the specific articulable facts of the case. *Id.* § 110-6.1(e)(3).

¶ 9    On appeal, defendant argues that the State failed to show by clear and convincing evidence that (1) the proof was evident or presumption great that defendant committed the charged offenses, (2) defendant was a real and present threat to the safety of the alleged victim, and (3) no conditions existed which could mitigate the threat posed by defendant, without any further elaboration as to how the State's proofs were insufficient as to any of the three elements. "Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). The failure to assert a well-reasoned argument supported by legal authorities results in forfeiture of the issue on appeal. *People v. Agnew-Downs*, 404 Ill. App. 3d 218, 231 (2010).

¶ 10    Forfeiture aside, the record contains sufficient evidence to establish each of the necessary elements of pretrial detention. The defense presented a police synopsis from defendant's arrest in the instant case, wherein the victim stated that defendant struck her, and the officers observed signs of injury, including a bloody nose. Defendant was located by officers outside of the home where they ordered him to stop and grabbed his arm, upon which defendant pulled away and attempted to flee. The contents of the synopsis were un-rebutted although the defense proffered that he had a part-time job, two children, and a place to live.

¶ 11    Defendant's criminal history included two other incidents of domestic violence against the same victim, including an incident where defendant punched the victim in the mouth knocking out three false teeth, and an incident where defendant placed the victim in a chokehold and said, "I'm

going to kill you I don't care if I rot in jail." During one of these incidents, defendant resisted arrest and attempted to take the arresting officer's duty weapon. Additionally, there was a domestic violence incident which involved defendant's roommate, in which defendant struck his roommate and attempted to grab a knife from the kitchen cutlery drawer before being restrained. Defendant was on either probation or conditional release from these convictions at the time of the instant offense. Additionally, defendant's ODARA risk assessment was one of the highest levels on the scale, predicting a 74% likelihood of community with another assault on a female domestic partner within five years. In short, there was sufficient evidence that defendant committed a domestic battery and obstructed an officer, that he posed a danger to the victim and others, and that no conditions of release would sufficiently mitigate the violent threat he posed.

¶ 12                                     III. CONCLUSION

¶ 13    Accordingly, we affirm the judgment of the circuit court of Kane County.

¶ 14    Affirmed.